1

2

3

4

5

6

7

8

9

10

11

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

12

13

14

15

16

17

18

19

| | |
|---|---|
| **LEONARD JESSIE MITCHELL,** ) | 1: **06-CV- 0387 AWI WMW HC** |
| ) | |
| **Petitioner,** ) | **ORDER DENYING MOTION** |
| ) | **FOR STAY** |
| **v.** ) | |
| ) | **[Doc. 9]** |
| ) | |
| **A. J. MALFI,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |
| _____ ) | |

20

21

22

23

24

25

26

27

28

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254 in this court.

On January 12, 2007, Petitioner filed a motion to stay this action until he can exhaust

certain Constitutional claims in the California Supreme Court. Specifically, Petitioner wishes

to exhaust a claim under <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). Petitioner was

convicted in 2002, and the California Court of Appeal issued its opinion in his direct appeal

on February 10, 2004. Petitioner subsequently filed a petition for relief with the California

Supreme Court. It therefore appears possible that Petitioner may obtain relief under <u>Blakely</u>

v. Washington ,542 U.S. 296 (2004), which is not retroactive to cases on collateral review. See United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir.2005).

A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, ___ U.S. ___, 125 S.Ct. 1528, 1534, 2005 WL 711587 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997). However, the Supreme Court recently held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 125 S.Ct. at 1534. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 1535. Even if Petitioner were to demonstrate good cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id.

IT IS SO ORDERED.

**Dated:     May 31, 2007**          _____/s/  **William M. Wunderlich**_____
                                     UNITED STATES MAGISTRATE JUDGE

2